Filed 9/30/24  P. v. West CA3

**NOT TO BE PUBLISHED**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C099967 |
| Plaintiff and Respondent, | (Super. Ct. No. CR2022402) |
| v. | |
| CHAYTON PAUL WEST, | |
| Defendant and Appellant. | |

Defendant Chayton Paul West pled no contest to one count of burglary and admitted an aggravating circumstance.  The trial court dismissed the remaining three burglary counts and all allegations with a *Harvey*[1] waiver for restitution purposes only.  On appeal, defendant claims the trial court prejudicially erred by relying on the dismissed burglary counts as circumstances in aggravation when it imposed the upper term of six

---

[1]  *People v. Harvey* (1979) 25 Cal.3d 754.

1

years.  The People concede the error, but argue it was harmless.  Under *Chapman*,[2] we agree with defendant the error was prejudicial and will remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant broke into a home, ransacked it, and left.  An information charged defendant with four counts of burglary.  (Pen. Code, § 459)  It alleged five circumstances in aggravation.  (Cal. Rules of Court, rule 4.421(b)(1)-(5).)

Defendant pled guilty to one count of burglary and admitted the circumstance in aggravation that his prior convictions were numerous or increasing in seriousness.  In exchange, the trial court dismissed the remaining counts and allegations with a *Harvey* waiver for restitution purposes only.

At sentencing, the trial court reviewed the probation report and the parties' sentencing briefs.  The probation report indicated defendant's record included seven prior felony convictions from 2007 to 2018, which were numerous or of increasing seriousness.  (Cal. Rules of Court, rule 4.421(a)(2).)  The probation report recommended the court impose the middle term of four years.

The trial court asked the prosecution its position regarding the *Harvey* waiver and if the trial court could use the three dismissed burglary counts as an aggravating factor for sentencing purposes.  The prosecution responded, "I believe so," and confirmed to the trial court that it intended the *Harvey* waiver be used as to both sentencing and restitution.  Defense counsel indicated he did not have anything to add.

The trial court then said, "[T]his is a tough -- tough case because [the probation report had] favorable reports about [defendant] and what he's been doing since he was last released from custody . . . in 2022."  After finding defendant was not eligible for

---

[2]  *Chapman v. California* (1967) 386 U.S. 18.

parole, it balanced the aggravating factors against the mitigating factors under Penal Code section 1170, subdivision (b).

In aggravation, the trial court found defendant had numerous convictions or the convictions were increasing in seriousness. (Cal. Rules of Court, rule 4.421(b)(2).) It also considered the three dismissed burglary counts. The court explained that "going in and committing these burglaries" was "highly dangerous" conduct. The court also found defendant's performance while in prison was poor or unsatisfactory.

When determining which sentencing term to impose, the trial court indicated that reasonable arguments could be made for imposing the middle or upper term. The probation report recommended the middle term and the prosecution asked for the upper term. The trial court found the upper term was appropriate because defendant's past criminal conduct and the "pattern and seriousness of the crimes here over and over and over are very numerous. There is an element of increasing in seriousness here." The court said, "Defendant has received the benefit of the bargain. He had this capped at 6 years."

After imposing the upper term, the trial court noted that despite the seriousness of the crime, defendant's case was "certainly a tragedy" because defendant had support, children who count on him, and had made efforts to improve his standing in life. The trial court further indicated that it chose the upper term because the underlying burglaries, including "the other ones that were *Harvey* waived," really terrified the victims.

DISCUSSION

The parties agree the trial court improperly considered the three dismissed burglary counts when it imposed the upper term sentence but disagree as to whether the error was prejudicial. We agree with defendant that remand is required because we cannot conclude beyond a reasonable doubt that a jury would find true the three burglary counts as aggravating circumstances.

Defendant preemptively asserts an ineffective assistance of counsel argument in anticipation of this court concluding his claim of error is forfeited. We will exercise our discretion and resolve the substantive claim on its merits and need not address the ineffective assistance of counsel claim. (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 82.)

"[A] Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established. The violation is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, applying the *Chapman* standard of review, the defendant is entitled to a remand for resentencing." (*People v. Lynch* (2024) 16 Cal.5th 730, 768.)

It is "improper and unfair to permit the sentencing court to consider any of the facts underlying [a] dismissed count . . . for purposes of aggravating or enhancing defendant's sentence." (*People v. Harvey*, *supra*, 25 Cal.3d at p. 758.) "Implicit in . . . a plea bargain . . . is the understanding (in the absence of any contrary agreement) that defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, [a] dismissed count." (*Ibid.*; see also *People v. Franco* (1986) 181 Cal.App.3d 342, 349 [A defendant who enters a plea agreement has "a reasonable expectation that the dismissed, unrelated counts will not be recycled to his detriment"].)

Dismissal of the three burglary counts was a term of defendant's plea agreement and the *Harvey* waiver was for restitution purposes only. The trial court's finding that the pattern and seriousness of defendant "committing *these* burglaries" (italics added) in the underlying case was based on the incorrect assumption that it could use the dismissed

4

burglary counts as a factor in aggravation under Penal Code section 1170, subdivision (b). The court's rationale for imposing the upper term is well laid out in the record but flawed in that it impermissibly considered the three dismissed burglary counts that resulted in an adverse sentencing consequence for defendant. (*People v. Harvey*, *supra*, 25 Cal.3d at p. 758.) Because the trial court dismissed the burglary counts as part of the plea agreement, there was no evidence as to the dismissed counts. As such, we cannot conclude beyond a reasonable doubt that a jury would have found the dismissed counts true.

## DISPOSITION

Defendant's sentence is vacated, and the case remanded to the trial court for resentencing. After resentencing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
MESIWALA, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
KRAUSE, J.

5